*Delivered* *2019*

COPY OF PLEADING PROVIDED BY PLT

Receipt Number: 791974
Tracking Number: 73633633

CAUSE NUMBER: 201939519

| | |
|---|---|
| PLAINTIFF: BARRERA, REINA AMADA | In the 133rd Judicial |
| vs. | District Court of |
| DEFENDANT: AMICA MUTUAL INSURANCE COMPANY | Harris County, Texas |

CITATION

THE STATE OF TEXAS
County of Harris

TO: AMICA MUTUAL INSURANCE COMPANY BY SERVING ITS REGISTERED AGENT ROBERT R FOSS (JR)

2150 TOWN SQUARE PLACE SUITE 600

SUGAR LAND TX 77479

OR WHEREVER HE MAY BE FOUND

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION ALONG WITH DISCOVERY REQUESTS
TO DEFENDANT.

This instrument was filed on June 7, 2019, in the above numbered and styled cause on
the docket in the above Judicial District Court of Harris County, Texas, in the
courthouse in the City of Houston, Texas. The instrument attached describes the claim
against you.

YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not
file a written answer with the District Clerk who issued this citation by 10:00 a.m.
on the Monday next following the expiration of twenty days after you were served this
citation and petition, a default judgment may be taken against you.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this
June 10, 2019.



*Marilyn Burgess*
Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: NELSON CUERO

Issued at request of:
Boylhart, Alex
9805 KATY FREEWAY SUITE 850
HOUSTON, TX  77024
713-773-3380

Bar Number: 24087198

EXHIBIT 2

Tracking Number: 73633633

CAUSE NUMBER: 201939519

PLAINTIFF: BARRERA, REINA AMADA

In the 133rd

vs.

Judicial District Court

DEFENDANT: AMICA MUTUAL INSURANCE COMPANY

of Harris County, Texas

## OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____o'clock ____. M., on the _____ day of _____, 20_____.
Executed at (address) _____
in _____ County
at _____ o'clock _____. M., on the _____ day of
by delivering to _____, 20 _____,
in person, a true copy of this _____ defendant,
Citation together with the accompanying _____ copy(ies) of the
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of
_____, 20 _____.

FEE: $ _____

_____
County, Texas                          _____ of _____

_____
        Affiant                  By: _____
                                        Deputy
On this day, _____
the person whose signature _____, known to me to be
appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of
_____, 20 _____
                                        _____
                                        Notary Public

EXHIBIT 2

6/7/2019 3:22 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 34208946
By: Nelson Cuero
Filed: 6/7/2019 3:22 PM

CAUSE NO. ___2019-39519___

| | | |
|---|---|---|
| REINA AMADA BARRERA | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | HARRIS COUNTY, TEXAS |
| AMICA MUTUAL INSURANCE | § | |
| COMPANY | § | |
| | § | |
| Defendant. | § | |
| | § | 133rd JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION
## ALONG WITH DISCOVERY REQUESTS TO DEFENDANT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, REINA AMADA BARRERA, Plaintiff herein, and files this Original Petition complaining of AMICA MUTUAL INSURANCE COMPANY, Defendant herein, and for cause(s) of action would respectfully show unto this Honorable Court and Jury as follows:

### I.
### DISCOVERY PLAN

1.  Discovery in this case is to be conducted under Level 2 of Rule 190.3 of the Texas Rules of Civil Procedure.

### II.
### REQUEST PURSUANT TO RULE 28 FOR SUBSTITUTION OF TRUE NAME

2.  To the extent that the above-named Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against them pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiff hereby demands upon answering this suit, that the Defendant answer in its correct legal and assumed name. TEX. R. CIV. P. 28.

### III.
### PARTIES

3.  REINA AMADA BARRERA (hereinafter "Plaintiff") is a natural person residing in Spring, Harris County, Texas.

EXHIBIT 2

4.     Defendant  AMICA  MUTUAL  INSURANCE  COMPANY  (hereinafter "AMICA") is a private insurance company, authorized to do business in and was, at all times material hereto, doing business in the State of Texas.  AMICA may be served by delivering a copy of this petition to its registered agent, Robert R. Foss, Jr., 2150 Town Square Place, Suite 600, Sugar Land, Texas 77479, or wherever he may be found.

## IV.
## VENUE AND JURISDICTION

5.     Venue is proper in Harris County, Texas pursuant to §15.032 of the Texas Civil Practice and Remedies Code as Harris County, Texas is the county in which the policyholder and the person instituting this suit resided at the time the cause of action accrued.

6.     Jurisdiction is proper because the amount in controversy exceeds the minimum jurisdictional limits of this Court.  This Court has personal jurisdiction over the parties as set out in paragraph III.

## V.
## TEMPORARY ABATEMENT OF CERTAIN STATUTORY CLAIMS

7.     Plaintiff hereby specifies that the below pleaded claims against Defendant for violations of Article 17.41 et seq., Texas Business and Commerce Code and Chapters 541 and 542 of the Texas Insurance Code are abated temporarily so that the requisite statutory notice periods may expire (sixty days and thirty days, respectively, from the date on which proper notice is given to said Defendant).  After which time, Plaintiff will resume the prosecution of such statutory claims in conjunction with other claims pleaded herein which are not subject to abatement.  The remaining claims set out herein below against Defendant shall henceforth be prosecuted without abatement.  Therefore, proper notice of Plaintiff's damages has been given under the DTPA and Chapters 541 and 542 of the Texas Insurance Code.

EXHIBIT 2

## VI.
## AMICA MUTUAL INSURANCE COMPANY
### ACTED THROUGH ITS AGENTS AND REPRESENTATIVES

8.      All references herein to AMICA, insofar as notice, knowledge, intent, acts, omissions and all other conduct of same is concerned, necessarily includes that which was given, had, known, and done by and through AMICA'S authorized agents and employees acting in the course and scope of their employment with AMICA.

## VII.
## FACTS

9.      On or about October 5, 2017, Plaintiff, REINA AMADA BARRERA was traveling northbound in the 1500 block of SH 75/South Frazier Street in in Conroe, Texas. Troy Bridges, an underinsured driver was operating his vehicle traveling westbound in the 100 block of 100 South Loop 336 West. Troy Bridges blew through a red traffic light and totaled Plaintiff's vehicle. Troy Bridges received a citation from the investigating officer at the scene for disregarding a red light. As a proximate result of the collision, Plaintiff sustained personal injuries and damages more fully described below. Nothing Plaintiff did or failed to do caused or contributed to the incident made basis of this suit or Plaintiff's resulting injuries and damages.

10.     Plaintiff subsequently submitted medical evidence of Plaintiff's damages to Defendant and sought an evaluation of Plaintiff's claim. Defendant failed to make a reasonable offer to settle Plaintiff's claim and made unreasonable requests for additional information. Defendant compelled Plaintiff to institute this lawsuit to recover the damages owed to her as liability is reasonably clear.

## VIII.
### DECLARATORY RELIEF – ACTION FOR UIM BENEFITS

11.     Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

EXHIBIT 2

12.     On October 5, 2017, Plaintiff was insured under an automobile policy from Defendant AMICA (hereinafter referred to as the "Policy"). The Policy is further identifiable as policy number 9804423847.

13.     By virtue of the Policy, AMICA promised, in relevant part, to pay damages, which a covered person is legally entitled to recover from the owner or operator of an uninsured or underinsured motor vehicle because of bodily injury sustained by a covered person, or property damage, caused by an incident.

14.     On or about October 5, 2017, during the effective period for which coverage was provided Plaintiff under the Policy, was operating the "covered auto" under the Policy.  A collision occurred, which is more thoroughly described herein, caused by the negligence and/or gross negligence of Troy Bridges, an underinsured driver.  The impact occurred with such force that Plaintiff sustained serious bodily injuries.  Plaintiff further alleges that Troy Bridges was underinsured and AMICA, through their actions and/or omissions, is heretofore estopped to deny that Plaintiff was struck and injured by an underinsured driver.

15.     Following the collision referenced above, Plaintiff gave notice to AMICA as required under the Policy, and otherwise complied with all the terms of the Policy as a condition precedent to bringing the instant suit. Plaintiff maintains that she is entitled to the Uninsured/Underinsured Motorists Coverage under the Policy given her injuries; her past and future pain and suffering; her past and future mental anguish; her past and future impairment and disfigurement; her past and future medical expenses; and other consequences of the subject collision.

EXHIBIT 2

## IX.
## VIOLATIONS OF CHAPTER 541 OF THE TEXAS INSURANCE CODE
## AGAINST DEFENDANT AMICA MUTUAL INSURANCE COMPANY

16.     Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

17.     Defendant AMICA misrepresented the terms of the policy with Plaintiff. Defendant AMICA's conduct constitutes a violation of the Texas Insurance Code. TEX. INS. CODE §541.051(1)(A).

18.     Defendant AMICA misrepresented the benefits of the policy with Plaintiff. Defendant AMICA's conduct constitutes a violation of the Texas Insurance Code. TEX. INS. CODE §541.051(1)(B).

19.     Defendant AMICA continues to justify its behavior to Plaintiff by telling her that she must cooperate under the policy. Defendant is misrepresenting the true nature of the policy and the meaning of its terminology as a way to justify inappropriate behavior. Defendant AMICA's conduct constitutes a violation of the Texas Insurance Code. TEX. INS. CODE §541.051(4).

20.     Defendant AMICA misrepresented the Plaintiff a material fact or policy provision relating to the coverage at issue. Defendant AMICA's conduct constitutes a violation of the Texas Insurance Code. TEX. INS. CODE §541.060(a)(1).

21.     Defendant AMICA failed to attempt in good faith to effectuate a prompt, fair and equitable settlement Plaintiff's claims when liability was reasonably clear. Defendant's conduct constitutes a violation of the Texas Insurance Code. TEX. INS. CODE §541.060(a)(2)(A).

22.     Defendant AMICA failed to reasonably explain to Plaintiff the reasons for its unreasonably low evaluation and delay tactics. Defendant AMICA's conduct constitutes a violation of the Texas Insurance Code. TEX. INS. CODE §541.060(a)(3).

EXHIBIT 2

23.     Defendant AMICA failed within a reasonable time to affirm or deny coverage of a claim to a policy holder. Defendant AMICA's conduct constitutes a violation of the Texas Insurance Code. TEX. INS. CODE §541.060(a)(4)(A).

24.     Defendant AMICA unreasonably delayed full payment on the basis that other coverage may be available. Defendant AMICA's conduct constitutes a violation of the Texas Insurance Code. TEX. INS. CODE §541.060(a)(5).

25.     Defendant AMICA refused to fully pay Plaintiff claims without conducting a reasonable investigation.  Defendant AMICA's conduct constitutes a violation of the Texas Insurance Code. TEX. INS. CODE §541.060(a)(7).

26.     Defendant AMICA made an untrue statement of material fact by telling Plaintiff she had to provide every bit of information requested since she had a duty to cooperate. Defendant AMICA's conduct constitutes a violation of the Texas Insurance Code. TEX. INS. CODE §541.061(1).

27.     Defendant AMICA made an untrue statement of material fact by telling Plaintiff she had to provide every bit of information requested in order for Defendant to make an evaluation of the claim.  Defendant AMICA's conduct constitutes a violation of the Texas Insurance Code. TEX. INS. CODE §541.061(1).

28.     Defendant AMICA made statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact.  Defendant AMICA's conduct constitutes a violation of the Texas Insurance Code. TEX. INS. CODE §541.061(3).

29.     As a result of Defendant AMICA wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorneys and the law firm who are representing her with respect to these causes of action.

EXHIBIT 2

## X.
## VIOLATIONS OF CHAPTER 542 OF THE TEXAS INSURANCE CODE
## AGAINST DEFENDANT AMICA MUTUAL INSURANCE COMPANY

30.     Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

31.     Defendant AMICA knowingly misrepresented to Plaintiff pertinent facts or policy provisions relating the coverage at issue. Defendant AMICA's conduct constitutes a violation of the Texas Insurance Code. TEX. INS. CODE §542.003(b)(1).

32.     Defendant AMICA failed to acknowledge with reasonable promptness pertinent communications relating to a claim arising under the insurer's policy. Defendant AMICA's conduct constitutes a violation of the Texas Insurance Code. TEX. INS. CODE §542.003(b)(2).

33.     Defendant AMICA failed to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies. Defendant AMICA's conduct constitutes a violation of the Texas Insurance Code. TEX. INS. CODE §542.003(b)(3).

34.     Defendant AMICA failed to attempt in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear. Defendant AMICA's conduct constitutes a violation of the Texas Insurance Code. TEX. INS. CODE §542.003(b)(4).

35.     Defendant AMICA compelled their policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder. Defendant AMICA's conduct constitutes a violation of the Texas Insurance Code. TEX. INS. CODE §542.003(5).

36.     Defendant AMICA failed to notify Plaintiff in writing of the acceptance or rejection of her claim no later than the 15th business day after the date Defendant received items

EXHIBIT 2

reasonably necessary to make a full evaluation. Defendant AMICA's conduct constitutes a violation of the Texas Insurance Code. TEX. INS. CODE §542.056(a).

37.     Defendant AMICA failed to state reasons why Defendant needed all the items requested. Defendant AMICA's conduct constitutes a violation of the Texas Insurance Code. TEX. INS. CODE §542.056(c).

38.     Defendant AMICA delayed full payment of Plaintiff's claim longer than sixty (60) days after receiving all reasonably requested information.  Defendant AMICA's conduct constitutes a violation of the Texas Insurance Code. TEX. INS. CODE §542.058(a).

39.     As a result of Defendant AMICA wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorneys and the law firm who are representing her with respect to these causes of action.

## XI.
## DECEPTIVE TRADE PRACTICES-CONSUMER PROTECTION ACT AGAINST DEFENDANT AMICA MUTUAL INSURANCE COMPANY

40.     Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

41.     Plaintiff purchased the Policy by paying AMICA's valuable consideration in the form of premium payments in exchange for AMICA's contractual promises to provide the coverage afforded by said policy with AMICA and its concomitant obligations and duties expressly and impliedly associated therewith and imposed upon AMICA as a matter of contract and law insofar as AMICA's performance is concerned.  The transaction concerning Plaintiff's purchase of the Policy and claims made thereunder involved the sale of goods and services from AMICA to Plaintiff with respect to which Plaintiff was and at all relevant times a consumer of same.

EXHIBIT 2

42.    Defendant AMICA used or employed acts and practices in violation of Chapters 541 and 542 of the Texas Insurance Code as well as the rules and regulations issued by the State Board of Insurance under former Article 21.21.  The conduct of Defendant AMICA constituted a producing cause of actual damages to Plaintiff under the Policy and mental anguish.  The conduct of Defendant AMICA was committed knowingly.  This conduct is actionable under the Texas Deceptive Trade Practices-Consumer Protection Act (the "DTPA").  Defendant AMICA is liable for unfair claims settlement practices under Section 17.50(a)(4) of the DTPA.

43.    Defendant AMICA violated Chapters 541 and 542 of the Texas Insurance Code. Chapter 542 permits recovery for a violation of Board Order 41060, which Defendant AMICA knowingly violated.  Board Order 41060, 28 TEX. ADMIN. CODE §§21.3, 21.4 prohibits certain conduct including that which is defined as unfair or deceptive by the provisions of the Texas Insurance Code.  Chapter 542.003 defines unfair claim settlement practices, which Defendant AMICA illegally violated.   Therefore, Defendant AMICA's violation of Chapter 542 is actionable under the Texas DTPA vis-à-vis Chapter 542 vis-à-vis Board Order 41060.

44.    One  or  more  of  the  above-pleaded  acts  or  practices  also  constitutes unconscionable action or course of action knowingly committed by Defendant AMICA, which was a producing cause of damages to Plaintiff.

## XII.
## VIOLATIONS OF THE TEXAS ADMINISTRATION CODE

45.    Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

46.    Section 28.201 et seq. of the Texas Administrative Code provides that "No insurer shall engage in unfair claim settlement practices." Plaintiff alleges that Defendant engaged in unfair claim settlement practices violating the following subsections of the Texas Administration Code: (1) misrepresenting to claimants pertinent facts or policy provisions relating to coverages

EXHIBIT 2

at issue; (3) failing to adopt and implement reasonable standards for prompt investigation of claims arising under its policies; (4) not attempting in good faith to effectuate prompt, fair and equitable settlements of claims submitted in which liability has become reasonably clear; (5) compelling policy holders to institute suits to recover amounts due under its policies by offering substantially less than the amounts ultimately recovered in suits brought by them; (6) not attempting in good faith to settle promptly claims where liability has become reasonably clear under one portion of the policy in order to influence settlement under other portions of the policy coverage; (7) failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement; (8) undertaking to enforce a full and final release from a policyholder when, in fact, only a partial payment has been made; and (9) refusing to pay claims without conducting a reasonable investigation based upon available information. Plaintiff would show that Defendant's employee(s) was/were at all applicable times a "person" as that term is defined in section 541.002 of the Texas Insurance Code and that all or part of Defendant's violations described herein were committed by and through its employee(s) and other currently unknown employees and agents.

## XIII.
## BREACH OF DUTIES OF GOOD FAITH AND
## FAIR DEALING AGAINST DEFENDANT

47.    Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

48.    Plaintiff would show that Defendant breached the duty of good faith and fair dealing which is owed by Defendant to its insured, by various acts, including, to wit:

a)    There was no reasonable basis for Defendant's rejection of Plaintiff's claims or delay in payment and/or Defendant failed to determine whether there was any reasonable basis for the denial or delay;

EXHIBIT 2

b) Wrongfully withheld payment of benefits due Plaintiff under the Uninsured/Underinsured Motorists Coverage without reasonable basis;

c) Delaying payment of benefits to Plaintiff for Uninsured/Underinsured Motorists Coverage; and

d) Failing to deal equally and fairly with Plaintiff.

49. Defendant knew or should have known that there was no reasonable basis for the above delineated acts and omissions.

50. Defendant acted without reasonable basis, and they knew or should have known that there was not a reasonable basis for delaying or denying payment of Plaintiff's Uninsured/Underinsured Motorists Coverage Claim.

## XV.
## KNOWLEDGE

51. Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiff's damages described herein.

## XVI.
## DAMAGES OF PLAINTIFF

52. As a direct and proximate result of the underinsured driver's negligence described herein, Plaintiff incurred medical expenses in the past and, in all reasonable probability, such medical expenses will continue into the future. Defendant is liable for those damages.

53. As a direct and proximate result of the underinsured driver's negligence described herein, Plaintiff experienced physical pain and suffering in the past and, in all reasonably probability, will sustain physical pain and suffering in the future. Defendant is liable for those damages.

EXHIBIT 2

54.     As a direct and proximate result of the underinsured driver's negligence and the subsequent actions and/or omissions of Defendant described herein, Plaintiff experienced mental anguish in the past and, in all reasonable probability, will sustain mental anguish in the future. Defendant is liable for those mental anguish damages as well as for the mental anguish caused by Defendant's own actions.

55.     As a direct and proximate result of the underinsured driver's negligence described herein, Plaintiff experienced physical impairment or physical incapacity in the past and, in all reasonable probability, will sustain physical impairment or physical incapacity in the future. Defendant is liable for those damages.

56.     Plaintiff also pleads for exemplary damages in an amount within the jurisdictional limits of this Court.

57.     As a result of Defendant's actions and/or omissions, Plaintiff has been forced to seek counsel. Plaintiff, therefore, seeks reimbursement of reasonable attorney's fees, inasmuch as Plaintiff has been required to employ the undersigned attorney to file and prosecute this suit. Pursuant to Tex. Ins. Code §541 & 542, Plaintiff hereby makes this written presentment of her claim for attorney fees.

58.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiff asks for three times her actual damages.  TEX. INS. CODE §541.152.

59.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claim, as well as eighteen (18) percent interest per

EXHIBIT 2

annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

60.      For violations of the Deceptive Trade Practices Act, Plaintiff is entitled to economic damages and mental anguish, along with attorney's fees, interest, and court costs. For knowing conduct of the acts described above, Plaintiff asks for three times her actual damages. TEX. BUS. & COM. CODE §17.50(b)(1).

61.      The amount of Plaintiff's damages is substantial and in excess of the jurisdictional minimums of this Court. Furthermore, the determination of these elements of damages is within the jury's province, and Plaintiff seeks the jury's evaluation. However, pursuant to Texas Rules of Civil Procedure 47, Plaintiff at this time seeks monetary relief not more than $75,000.00. Plaintiff reserves the right to re-plead in a different amount as discovery progresses, should future conditions warrant such change.

## XVII.
## CLAIM FOR PRE-JUDGMENT AND POST-JUDGMENT INTEREST

62.      Plaintiff is entitled to recover pre- and post-judgment interest on all damages that have accrued as of the date of judgment at the highest legal rate.

## XVIII.
## CONDITIONS PRECEDENT

63.      All conditions precedent to Plaintiff's right to recover herein and to Defendant's liability have been performed or have occurred, including proper notice of AMICA's violations of Article 17.41 et seq., Texas Business and Commerce Code and Chapter 542, Texas Insurance Code, breach of contract, infliction of emotional distress, Chapter 542 Texas Insurance Code, and breach of the duty of good faith and fair dealing.

EXHIBIT 2

## XIX.
## AUTHENTICATION OF PRODUCTION

64.    Pursuant to T.R.C.P. 193.7, Plaintiff hereby gives written notice that documents produced in response to a Request For Production will be used in all pretrial proceedings and at the trial of this case.

## XX.
## REQUESTS FOR DISCOVERY

65.    Attached to this Petition, and marked as exhibits hereto, are certain discovery requests, including:

**Exhibit 1.**    Plaintiff's Request for Disclosure to Defendant

**Exhibit 2.**    Plaintiff's Request for Admissions to Defendant

**Exhibit 3.**    Plaintiff's First Set of Interrogatories to Defendant

**Exhibit 4.**    Plaintiff's First Request for Production to Defendant

66.    These discovery requests are being served with this Petition in accordance with the Texas Rules of Civil Procedure.  Responses to these requests must be served and filed in accordance with those Rules.

## XXI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff REINA AMADA prays that Defendant AMICA MUTUAL INSURANCE COMPANY be cited to appear and answer herein and, upon final hearing of this cause, Plaintiff has judgment against Defendant for damages described herein, for actual damages, exemplary damages, costs of suit, attorney's fees, pre- and post-judgment interest at the highest legal rate, and for such other and further relief, both general and special, at equity and in law, to which Plaintiff may show herself justly entitled.

EXHIBIT 2

Respectfully submitted,

**KWOK DANIEL LTD., L.L.P.**

_/s/ Alex P. Boylhart_
**Robert S. Kwok**
SBN: 00789430
**Alex P. Boylhart**
SBN: 24087198
9805 Katy Freeway, Suite 850
Houston, Texas 77024
Telephone: (713) 773-3380
Facsimile: (713) 773-3960
Email: aboylhart@kwoklaw.com

**ATTORNEYS FOR PLAINTIFF**

EXHIBIT 2

## EXHIBIT 1

| | | |
|---|---|---|
| REINA AMADA BARRERA | § | IN THE DISTRICT COURT OF |
| **Plaintiff,** | § | |
| | § | |
| VS. | § | |
| | § | HARRIS COUNTY, TEXAS |
| AMICA MUTUAL | § | |
| INSURANCE COMPANY | § | |
| | § | |
| **Defendant.** | § | |
| | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANT

TO:   AMICA MUTUAL INSURANCE COMPANY, Defendant herein, by and through its registered agent, Robert R. Foss, Jr., 2150 Town Square Place, Suite 600, Sugar Land, Texas 77479 or wherever he may be found for service of process

Pursuant to TEX. R. CIV. P. 194, Plaintiff requests that you disclose the following information within fifty (50) days of service of this request:

a.   the correct names of the parties to this lawsuit;

b.   the name, address, and telephone number of any potential parties;

c.   the legal theories and, in general, the factual bases of your claims and/or defenses;

d.   the amount and any method of calculating economic damages;

e.   the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

f.   the following information pertaining to any and all testifying experts:

  1.   the expert's complete name, address and telephone number;

  2.   the subject matter on which each expert will testify;

  3.   the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to your control, documents reflecting such information;

EXHIBIT 2

4. if the expert is retained by, employed by, or otherwise subject to your control:

    A. all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

    B. the expert's current resume and bibliography;

g. any and all indemnity and insuring agreements described in Rule 192.3(f);

h. any settlement agreements described in Rule 192.3(g);

i. any witness statements described in Rule 192.3(h);

j. in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted; and

k. in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by you by virtue of an authorization furnished by the Plaintiff.

l. The name, address and telephone number of any person who may be designated as a responsible third party.

Pursuant to TEX. R. CIV. P. 194.4, copies of requested documents and tangible things must be produced with your response.

Pursuant to TEX. R. CIV. P. 194.5, no objections or assertions of work product are permitted in response to this request.

Respectfully submitted,

**KWOK DANIEL LTD., L.L.P.**

_/s/ Alex P. Boylhart_

**Robert S. Kwok**
SBN: 00789430
**Alex P. Boylhart**
SBN: 24087198
9805 Katy Freeway, Suite 850
Houston, Texas 77024
Telephone: (713) 773-3380
Facsimile: (713) 773-3960
Email: aboylhart@kwoklaw.com

**ATTORNEYS FOR PLAINTIFF**

**PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANT**
Page 2 of 3

EXHIBIT 2

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document was served on AMICA MUTUAL INSURANCE COMPANY, Defendant herein, by and through its registered agent, Robert R. Foss, Jr., 2150 Town Square Place, Suite 600, Sugar Land, Texas 77479 or wherever he may be found for service of process.

Signed on June 7, 2019.

_/s/ Alex P. Boylhart_
Alex P. Boylhart

EXHIBIT 2

**EXHIBIT 2**

CAUSE NO. _____

| | | |
|---|---|---|
| REINA AMADA BARRERA | § | IN THE DISTRICT COURT OF |
| **Plaintiff,** | § § | |
| | § | |
| **VS.** | § § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **AMICA MUTUAL** | § | |
| **INSURANCE COMPANY** | § § | |
| **Defendant.** | § § | _____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

TO:  AMICA MUTUAL INSURANCE COMPANY, Defendant herein, by and through its registered agent, Robert R. Foss, Jr., 2150 Town Square Place, Suite 600, Sugar Land, Texas 77479 or wherever he may be found for service of process

COMES NOW, REINA AMADA BARRERA, Plaintiff herein, and files this First Request for Admissions upon AMICA MUTUAL INSURANCE COMPANY, Defendant herein and requests the following:

The Request for Admissions that follow are propounded for you to answer pursuant to Rule 192 and 198 of the Texas Rules of Civil Procedure. The Requests for Admissions are admitted without the necessity of a Court order unless, within fifty (50) days after service of the Requests for Admissions, you serve on the undersigned attorney a written answer or objection addressed to the matter signed by you or your attorney.

Pursuant to Rule 193.5 of the Texas Rules of Civil Procedure, you are under an affirmative duty to supplement your responses to all discovery requests with information that you may acquire after filing your written responses, if such information makes it known to you that your previous response was incorrect or incomplete when made, or, if the answer, though correct and complete when made, is no longer true and complete and circumstances are such that

EXHIBIT 2

failure to supplement would be in substance a knowing concealment. You are hereby requested to supplement any of your written responses to these discovery requests, and in the absence of any written objection to the request, it will be presumed that you have agreed to do so.

As used herein, the following terms shall have the meaning indicated below:

1.    "You" or "Your" refers to Defendant, AMICA MUTUAL INSURANCE COMPANY (hereinafter "AMICA"), and all persons acting on behalf of Defendant in this suit including, but not limited to, Defendant's attorneys, agents, officers, servants, employees, investigators, experts, consultants, informants, or other persons acting or purporting to act in its behalf.

2.    "And/or" shall not be interpreted to limit or to create an election whereby the Defendant may choose one or more alternatives, but shall be interpreted to add to, continue or further the subjects expressed, and to encompass all matters therein.

3.    "Defendant" refers to AMICA, its agents, servants, employees, members, subsidiaries, and/or divisions.

4.    "Communication" means any contact or act by which information is transmitted or conveyed between two or more persons and includes, without limitation, written contact, whether by letter, memoranda, telegram, telex, facsimile or other document, electronic communication such as e-mail, text message, instant messenger or other type of website messaging and oral contacts, whether by face-to-face meetings, telephone conversations, or otherwise.

5.    "Relating" or "relates" means, in addition to its customary and usual meaning, discussing, referring to, pertaining to, reflecting, evidencing, showing, or recording.

6.    "Evidencing" or "evidences" means tending to show, in any probative manner, the existence or nonexistence of any matter.

7.    "Person" means natural persons, corporations, partnerships, sole proprietorships, unions, associations, federations, or any other kind of entity.

8.    "Document" means any printed, typewritten, handwritten, mechanically or otherwise recorded matter of whatever character, kind or description including but without limitation, letters, e-mails, purchase orders, records, complaints, manuals, instructions, rules, bulletins, memoranda, telegrams, notes, catalogs, brochures, diaries, reports, calendars, inter or intra office communications, statements, investigative reports, announcements, depositions, newspaper articles, photographs, tape recordings, motion pictures, and any carbon or photographic copies of any such material, if you do not have custody or control of the original.

EXHIBIT 2

9. "Petition" refers to the Plaintiff's Original Petition and any and all amended or supplemental petitions that Plaintiff files in this lawsuit.

10. "Plaintiff" refers to REINA AMADA BARRERA.

11. "Lawsuit" refers to all of the claims, whether now asserted or asserted hereafter by amendment, supplement or otherwise, of any party in the above-styled and numbered cause.

12. The "collision" refers to the collision made the basis of this lawsuit, which occurred on October 5, 2017, involving a vehicle operated by Plaintiff that was hit by an underinsured driver.

13. The "policy" refers to automobile insurance policy number 9804423847 with AMICA covering the 2011 Volkswagen Jetta involved in the collision.

14. The "Uninsured/Underinsured Motorists Coverage Claim" refers to the claim made by or on behalf of Plaintiff with AMICA, as a result of the collision made the basis of this lawsuit, which occurred on October 5, 2017, involving Plaintiff and an underinsured third party.

15. "Third Party" is defined as Troy Bridges, the underinsured driver of the vehicle involved in the collision with Plaintiff on October 5, 2017.

16. "Identify" has the following meanings:

    (a)  When used in reference to a natural person, it means to state the person's full name, business affiliation, and title, and the person's current telephone number, residence address, and business address.

    (b)  When used in reference to a person other than a natural person, it means to state its full name, form of organization, agent for service of process, address of its principal office, and each of its present business addresses and telephone numbers.

    (c)  When used in reference to a document, it means to state: (i) the type of document (letter, memorandum, telegram, chart, etc.); (ii) the name, address, business affiliation, and title of the author or signer thereof; (iii) its date; (iv) the name, address, business affiliation, and title of all addresses and recipients; (v) its present location; and (vi) the name, present address, business affiliation, and title of the person having present custody thereof.

    (d)  When used in reference to a communication, it means: (i) to state the manner in which the communication occurred (by document, by telephone conversation, by electronic means or by meeting, etc.); (ii) if the communication was by document, to identify each person who sent and received the document and state the date on which and place to which the

EXHIBIT 2

document was sent and received; (iii) if the communication was by telephone, to state the date and place of the communication, to identify each natural person who was present during all or part of the communication, and to describe in detail the information communicated by each natural person; (iv) if the communication was by meeting, to state the date and place of the meeting, to identify each natural person who attended the meeting, and to describe in detail the information communicated by each natural person; and (v) if by means other than those described above, to identify each person who received the information communicated, to identify each natural person who provided the information communicated, to state the date on which the communication was sent and received, and to describe in detail the information communicated.

If any document requested to be identified was but is no longer in your possession or control or is no longer in existence, state whether it is:

1.   Missing or lost,
2.   Destroyed,
3.   Transferred voluntarily or involuntarily to others, and if so, to whom, or
4.   Otherwise disposed of; and in each instance explain the circumstances surrounding an authorization of such disposition thereof, state the approximate date thereof, and describe its contents.

Respectfully submitted,

**KWOK DANIEL LTD., L.L.P.**

_/s/ Alex P. Boylhart_
**Robert S. Kwok**
SBN: 00789430
**Alex P. Boylhart**
SBN: 24087198
9805 Katy Freeway, Suite 850
Houston, Texas 77024
Telephone: (713) 773-3380
Facsimile: (713) 773-3960
Email: aboylhart@kwoklaw.com

**ATTORNEYS FOR PLAINTIFF**

EXHIBIT 2

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document was served on AMICA MUTUAL INSURANCE COMPANY, Defendant herein, by and through its registered agent, Robert R. Foss, Jr., 2150 Town Square Place, Suite 600, Sugar Land, Texas 77479 or wherever he may be found for service of process.

Signed on June 7, 2019.

_/s/ Alex P. Boylhart_
Alex P. Boylhart

EXHIBIT 2

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

### REQUEST FOR ADMISSION NO. 1:

Admit that you have been sued in the proper capacity.

**RESPONSE:**

### REQUEST FOR ADMISSION NO. 2:

Admit that you are a proper party to this lawsuit.

**RESPONSE:**

### REQUEST FOR ADMISSION NO. 3:

Admit that you have read the definitions, instructions, and conditions for production preceding all discovery requests received from Plaintiff.

**RESPONSE:**

### REQUEST FOR ADMISSION NO. 4:

Admit that you will not attempt to present testimony, or other evidence, from any witness, lay or expert, not identified in Defendant's discovery responses or supplements thereto.

**RESPONSE:**

### REQUEST FOR ADMISSION NO. 5:

Admit that Plaintiff was the driver of a vehicle involved in the collision made the basis of this lawsuit on October 5, 2017.

**RESPONSE:**

### REQUEST FOR ADMISSION NO. 6:

Admit that on or about October 5, 2017, a collision occurred at or near 1500 block of South Frazier Street in Conroe, Texas, involving Plaintiff and third party.

**RESPONSE:**

### REQUEST FOR ADMISSION NO. 7:

Admit that the third party caused the occurrence made the basis of this suit.

**RESPONSE:**

EXHIBIT 2

**REQUEST FOR ADMISSION NO. 8:**

Admit that the third party failed to yield the right of way to Plaintiff causing the occurrence made the basis of the suit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:**

Admit that Plaintiff did nothing to cause or contribute to the occurrence made the basis of the suit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:**

Admit that Plaintiff will suffer from her injuries sustained in the collision for the remainder of her life.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:**

Admit that Plaintiff will incur medical bills for treatment of injuries sustained in the collision for the remainder of her life.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:**

Admit that you are liable to Plaintiff for future medical expenses flowing from the collision.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:**

Admit that all medical treatment received by Plaintiff from the date of the collision to date has been reasonable.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:**

Admit that all medical treatment received by Plaintiff from the date of the collision to date has been necessary.

**RESPONSE:**

EXHIBIT 2

### REQUEST FOR ADMISSION NO. 15:

Admit that all medical treatment received by Plaintiff from the date of the collision to date has been as a result of the collision.

**RESPONSE:**

### REQUEST FOR ADMISSION NO. 16:

Admit that the condition of the road surface did not contribute to the cause of the collision.

**RESPONSE:**

### REQUEST FOR ADMISSION NO. 17:

Admit that the lighting conditions did not contribute to the cause of the collision.

**RESPONSE:**

### REQUEST FOR ADMISSION NO. 18:

Admit that a sudden emergency did not contribute to the cause of the collision.

**RESPONSE:**

### REQUEST FOR ADMISSION NO. 19:

Admit that you do not contend the collision was unavoidable.

**RESPONSE:**

### REQUEST FOR ADMISSION NO. 20:

Admit that no defect or malfunction in the vehicles contributed to the cause of the collision.

**RESPONSE:**

### REQUEST FOR ADMISSION NO. 21:

Admit that the third party failed to stop in time when colliding with Plaintiff.

**RESPONSE:**

EXHIBIT 2

## REQUEST FOR ADMISSION NO. 22:

Admit that the third party had a duty to operate his vehicle in a non-negligent manner so as not to jeopardize the safety of others on the roadway, including, Plaintiff.

**RESPONSE:**

## REQUEST FOR ADMISSION NO. 23:

Admit that the third party breached his duty to Plaintiff, by operating his vehicle in a negligent manner, which jeopardized the safety of others on the roadway.

**RESPONSE:**

## REQUEST FOR ADMISSION NO. 24:

Admit that the third party had a duty to Plaintiff to control the speed of his vehicle.

**RESPONSE:**

## REQUEST FOR ADMISSION NO. 25:

Admit that the third party breached his duty to Plaintiff by failing to control the speed of his vehicle.

**RESPONSE:**

## REQUEST FOR ADMISSION NO. 26:

Admit that the third party had a duty to Plaintiff to stop at a red traffic light.

**RESPONSE:**

## REQUEST FOR ADMISSION NO. 27:

Admit that the third party breached his duty to Plaintiff by failing to stop at a red traffic light.

**RESPONSE:**

## REQUEST FOR ADMISSION NO. 28:

Admit that third party was negligent in causing the collision made the basis for this suit.

**RESPONSE:**

EXHIBIT 2

## REQUEST FOR ADMISSION NO. 29:

Admit that you do not content that Plaintiff in any way responsible for causing the collision made the basis of this suit.

### RESPONSE:

## REQUEST FOR ADMISSION NO. 30:

Admit that the third party's negligence proximately caused the collision made the basis of this lawsuit.

### RESPONSE:

## REQUEST FOR ADMISSION NO. 31:

Admit that the collision made the basis of this lawsuit proximately caused damages to Plaintiff.

### RESPONSE:

## REQUEST FOR ADMISSION NO. 32:

Admit that Plaintiff has been damaged by the third party's negligence in an amount in excess of $100,000.00.

### RESPONSE:

## REQUEST FOR ADMISSION NO. 33:

Admit that you do not agree with the reserves placed upon Plaintiff's claims.

### RESPONSE:

## REQUEST FOR ADMISSION NO. 34:

Admit that Sheron Chapa was an agent or representative of yours during the course of her employment with you.

### RESPONSE:

## REQUEST FOR ADMISSION NO. 35:

Admit that all conditions precedent to Plaintiff bringing this lawsuit has occurred.

### RESPONSE:

EXHIBIT 2

**REQUEST FOR ADMISSION NO. 36:**

Admit that on October 5, 2017, Plaintiff was insured by an automobile insurance policy issued by you.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 37:**

Admit that on October 5, 2017, Plaintiff's insurance policy with you provided uninsured/underinsured motorist coverage.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 38:**

Admit that you are a corporation and were a corporation on October 5, 2017.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 39:**

Admit that on October 5, 2017, the vehicle operated by Plaintiff was a "covered auto" as defined by Plaintiff's policy.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 40:**

Admit that on October 5, 2017, Plaintiff was a "covered person" as defined by her policy.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 41:**

Admit Plaintiff suffered "bodily injury" as a result of the collision made the basis of this suit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 42:**

Admit that the third party was operating an "uninsured or underinsured motor vehicle", as defined in Plaintiff's policy at the time of the collision made the basis of this suit.

**RESPONSE:**

EXHIBIT 2

**REQUEST FOR ADMISSION NO. 43:**

Admit that Plaintiff is legally entitled to recover damages from you as a result of the collision made the basis of this suit.

RESPONSE:

**REQUEST FOR ADMISSION NO. 44:**

Admit that you are obligated to pay Plaintiff for "damages" which she is legally entitled to recover because of bodily injuries sustained by her as a result of the collision of October 5, 2017.

RESPONSE:

**REQUEST FOR ADMISSION NO. 45:**

Admit that Plaintiff is entitled to uninsured/underinsured motorist benefits from you as a result of the collision made the basis of this suit.

RESPONSE:

**REQUEST FOR ADMISSION NO. 46:**

Admit that Plaintiff promptly notified you after the collision made the basis of this suit.

RESPONSE:

**REQUEST FOR ADMISSION NO. 47:**

Admit that Plaintiff has performed all duties required under their policy for the recovery of uninsured/underinsured motorist benefits.

RESPONSE:

**REQUEST FOR ADMISSION NO. 48:**

Admit that you were aware that Plaintiff suffered injuries during the collision made the basis of this suit on October 5, 2017.

RESPONSE:

**REQUEST FOR ADMISSION NO.49:**

Admit that you determined the third party was operating an uninsured/underinsured motor vehicle.

RESPONSE:

EXHIBIT 2

**REQUEST FOR ADMISSION NO. 50:**

Admit that you had a duty to Plaintiff to attempt in good faith to effectuate a prompt, fair, and equitable settlement of her claims.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 51:**

Admit that you denied full payment Plaintiff's uninsured/underinsured motorist claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 52:**

Admit that your claim representative, Sheron Chapa was authorized to act on behalf of you during the course and scope of her employment with you.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 53:**

Admit that low settlement offers have been made to Plaintiff for her claim for uninsured/underinsured motorist's benefits as a result of the collision of October 5, 2017.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 54:**

Admit that no underinsured motorist payments were extended to Plaintiff by you, pursuant to the uninsured/underinsured motorist provisions of her policy as a result of the collision of October 5, 2017.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 55:**

Admit that your investigation into Plaintiff's claims was not performed in accordance with company policy, procedures and guidelines.

**RESPONSE:**
**REQUEST FOR ADMISSION NO. 56:**

Admit that your claim representative, Sheron Chapa was authorized by you to evaluate and respond to Plaintiff's claims.

**RESPONSE:**

EXHIBIT 2

**REQUEST FOR ADMISSION NO. 57:**

Admit that the non-payment of Plaintiff's uninsured/underinsured Motorists Coverage Claim was not in accordance with your company policies, procedures, and guidelines.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 58:**

Admit that you ratified your claim representative, Sheron Chapa's handling of Plaintiff's claims file.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 59:**

Admit that you ratify the reserves placed upon Plaintiff's claims.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 60:**

Admit that your investigation into Plaintiff's claims was not performed in accordance with company policy, procedures and guidelines.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 61:**

Admit that your claim representative, Sheron Chapa did not handle Plaintiff's claim file in accordance with company policy, procedure and guidelines.

**RESPONSE:**

EXHIBIT 2

EXHIBIT 3

CAUSE NO. _____

| | | |
|---|---|---|
| REINA AMADA BARRERA | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | HARRIS COUNTY, TEXAS |
| AMICA MUTUAL | § | |
| INSURANCE COMPANY | § | |
| | § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

TO:     AMICA MUTUAL INSURANCE COMPANY, Defendant herein, by and through its registered agent, Robert R. Foss, Jr., 2150 Town Square Place, Suite 600, Sugar Land, Texas 77479 or wherever he may be found for service of process

COMES NOW REINA AMADA BARRERA, Plaintiff in the above styled cause, and, pursuant to Rule 197 of the Texas Rules of Civil Procedure, file the attached Interrogatories.

The undersigned party propounds the attached Interrogatories to you under the provisions of Rules 192, 193, and 197 of the Texas Rules of Civil Procedure. You are notified that this party specifies that verified, sworn answers shall be served on the first business day after the expiration of fifty (50) days from the date of service of these Interrogatories and that the Interrogatories and your answers may be offered in evidence at the trial of this lawsuit.

The Interrogatories that follow are to be considered as continuing, and pursuant to TEX. R. CIV. P.193.5 you are requested to provide by way of supplemental answers hereto such additional information as you or any other person acting on your behalf may hereafter obtain which will augment, correct or otherwise modify your answers given to the Interrogatories below. Such supplemental responses are to be filed and served upon this party immediately upon receipt of such information.

PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT
Page 1 of 10

EXHIBIT 2

As used herein, the words defined below shall be deemed to have the following meanings:

1. "You" or "Your" refers to Defendant, AMICA MUTUAL INSURANCE COMPANY (hereinafter "AMICA"), and all persons acting on behalf of Defendant in this suit including, but not limited to, Defendant's attorneys, agents, officers, servants, employees, investigators, experts, consultants, informants, or other persons acting or purporting to act in its behalf.

2. "And/or" shall not be interpreted to limit or to create an election whereby the Defendant may choose one or more alternatives, but shall be interpreted to add to, continue or further the subjects expressed, and to encompass all matters therein.

3. "Defendant" refers to AMICA, its agents, servants, employees, members, subsidiaries, and/or divisions.

4. "Communication" means any contact or act by which information is transmitted or conveyed between two or more persons and includes, without limitation, written contact, whether by letter, memoranda, telegram, telex, facsimile or other document, electronic communication such as e-mail, text message, instant messenger or other type of website messaging and oral contacts, whether by face-to-face meetings, telephone conversations, or otherwise.

5. "Relating" or "relates" means, in addition to its customary and usual meaning, discussing, referring to, pertaining to, reflecting, evidencing, showing, or recording.

6. "Evidencing" or "evidences" means tending to show, in any probative manner, the existence or nonexistence of any matter.

7. "Person" means natural persons, corporations, partnerships, sole proprietorships, unions, associations, federations, or any other kind of entity.

8. "Document" means any printed, typewritten, handwritten, mechanically or otherwise recorded matter of whatever character, kind or description including but without limitation, letters, e-mails, purchase orders, records, complaints, manuals, instructions, rules, bulletins, memoranda, telegrams, notes, catalogs, brochures, diaries, reports, calendars, inter or intra office communications, statements, investigative reports, announcements, depositions, newspaper articles, photographs, tape recordings, motion pictures, and any carbon or photographic copies of any such material, if you do not have custody or control of the original.

9. "Petition" refers to the Plaintiff's Original Petition and any and all amended or supplemental petitions that Plaintiff files in this lawsuit.

11. "Plaintiff" refers to REINA AMADA BARRERA.

EXHIBIT 2

11.   "Lawsuit" refers to all of the claims, whether now asserted or asserted hereafter by amendment, supplement or otherwise, of any party in the above-styled and numbered cause.

12.   The "collision" refers to the collision made the basis of this lawsuit, which occurred on October 5, 2017, involving a vehicle operated by Plaintiff that was hit by an underinsured driver.

13.   The "policy" refers to automobile insurance policy number 9804423847 with AMICA covering the 2011 Volkswagen Jetta involved in the collision.

14.   The "Uninsured/Underinsured Motorists Coverage Claim" refers to the claim made by or on behalf of Plaintiff with AMICA, as a result of the collision made the basis of this lawsuit, which occurred on October 5, 2017, involving Plaintiff and an underinsured third party.

15.   "Third Party" is defined as Troy Bridges, the underinsured driver of the vehicle involved in the collision with Plaintiff on October 5, 2017.

16.   "Identify" has the following meanings:

   (a)   When used in reference to a natural person, it means to state the person's full name, business affiliation, and title, and the person's current telephone number, residence address, and business address.

   (b)   When used in reference to a person other than a natural person, it means to state its full name, form of organization, agent for service of process, address of its principal office, and each of its present business addresses and telephone numbers.

   (c)   When used in reference to a document, it means to state: (i) the type of document (letter, memorandum, telegram, chart, etc.); (ii) the name, address, business affiliation, and title of the author or signer thereof; (iii) its date; (iv) the name, address, business affiliation, and title of all addresses and recipients; (v) its present location; and (vi) the name, present address, business affiliation, and title of the person having present custody thereof.

   (d)   When used in reference to a communication, it means: (i) to state the manner in which the communication occurred (by document, by telephone conversation, by electronic means or by meeting, etc.); (ii) if the communication was by document, to identify each person who sent and received the document and state the date on which and place to which the document was sent and received; (iii) if the communication was by telephone, to state the date and place of the communication, to identify each natural person who was present during all or part of the communication, and to describe in detail the information communicated by each natural person; (iv) if the communication was by meeting, to state

EXHIBIT 2

the date and place of the meeting, to identify each natural person who attended the meeting, and to describe in detail the information communicated by each natural person; and (v) if by means other than those described above, to identify each person who received the information communicated, to identify each natural person who provided the information communicated, to state the date on which the communication was sent and received, and to describe in detail the information communicated.

If any document requested to be identified was but is no longer in your possession or control or is no longer in existence, state whether it is:

1.   Missing or lost,
2.   Destroyed,
3.   Transferred voluntarily or involuntarily to others, and if so, to whom, or
4.   Otherwise disposed of; and in each instance explain the circumstances surrounding an authorization of such disposition thereof, state the approximate date thereof, and describe its contents.

Respectfully submitted,

**KWOK DANIEL LTD., L.L.P.**

_/s/ Alex P. Boylhart_
**Robert S. Kwok**
SBN: 00789430
**Alex P. Boylhart**
SBN: 24087198
9805 Katy Freeway, Suite 850
Houston, Texas 77024
Telephone: (713) 773-3380
Facsimile: (713) 773-3960
Email: aboylhart@kwoklaw.com

**ATTORNEYS FOR PLAINTIFF**

EXHIBIT 2

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document was served on AMICA MUTUAL INSURANCE COMPANY, Defendant herein, by and through its registered agent, Robert R. Foss, Jr., 2150 Town Square Place, Suite 600, Sugar Land, Texas 77479 or wherever he may be found for service of process.

Signed on June 7, 2019.


_/s/ Alex P. Boylhart_____
Alex P. Boylhart

EXHIBIT 2

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

### INTERROGATORY NO. 1:

Please identify yourself and all persons who assisted or provided information in answering these interrogatories by giving full names, any other names you have gone by in your lifetime, any prior aliases, ages, addresses, employer's names and addresses, occupations, dates of birth, social security numbers, phone numbers, and driver's license numbers.

**ANSWER:**

### INTERROGATORY NO. 2:

Please give the name, social security number, date of birth, address, telephone number and position within the company of the person designated by you as the representative of AMICA in this case.

**ANSWER:**

### INTERROGATORY NO. 3:

Identify all consulting experts, doctors, or other medical professionals whose mental impressions or opinions have been reviewed by a testifying expert by stating:

a.    The experts' names, addresses, and telephone numbers;

b.    The facts known by the experts that relate to or form the basis of the experts' mental impressions and opinions formed or made in connection with this case;

c.    The experts' mental impressions and opinions formed, or made in connection with the case and any methods used to derive them;

d.    Any biases or potential biases of the witnesses; and

e.    A description of all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the experts

**ANSWER:**

EXHIBIT 2

## INTERROGATORY NO. 4:

State each and every factor that you contend and/or will contend at trial that caused or contributed to the Plaintiff's damages including, but not limited to, pre-existing physical or medical conditions of the Plaintiff. Additionally, please state generally what facts lead you to believe that such act or omission caused or contributed to the incident.

ANSWER:

## INTERROGATORY NO. 5:

For each expert, agent, or employee of yours identified in your answers to Plaintiff's discovery requests, list each lawsuit in which the person has testified, been deposed, or been disclosed as an expert in the last ten (10) years, and state:

(a)    the style, cause number, court, county, and state of the lawsuit;

(b)    the nature of the suit;

(c)    the current status of the suit;

(d)    the dates of any testimony or deposition given by the expert, agent or employee; and

(e)    the identity, address, and telephone number of any person having custody of a transcript of any testimony or deposition given by the expert, agent, or employee.

ANSWER:

## INTERROGATORY NO. 6:

Identify any documents (including records, papers, books, accounts, drawings, models, schematics, diagrams, graphs, charts, photographs, x-rays, electronic or videotape recordings, any non-identical copies of documents, and any other data compilations from which information can be obtained and translated, if necessary, by the responding person into reasonably usable form) which are or may be responsive to Plaintiff's Request for Production or Interrogatories, that have been destroyed, lost, or altered (i.e. changed in any manner after the document was dated) since the occurrence in question and state when and under what circumstances the destruction, loss, or alteration occurred.

ANSWER:

EXHIBIT 2

**INTERROGATORY NO. 7:**

State the procedures relied upon and the criteria utilized by you to evaluate liability and dollar value of Plaintiff's claim.

ANSWER:

**INTERROGATORY NO. 8:**

If you are claiming a credit against judgment, please specify the dollar amount claimed in each category of damages claimed as well as specifically how you arrived at and calculated the dollar amount claimed for each category.

ANSWER:

**INTERROGATORY NO. 9:**

List the insurance policies and the monetary limits of coverages, including umbrella policies and excess coverage policies that have prior acts clauses, that could provide coverage for the collision in question, including (1) the name and address of the company, (2) the policy number, (3) policy limits for uninsured/underinsured motorists coverage, (4) whether there are any claims pending, (5) whether costs of defense are applied against any applicable policy limits, (6) whether there have been any reservations of rights, and (7) whether there has been a denial of coverage.

ANSWER:

**INTERROGATORY NO. 10:**

Please state the initial coverage date, total amount of premiums paid by Plaintiff for the automobile insurance policy made the subject of this suit, and any and all claims Plaintiff has made under said auto policy.

ANSWER:

**INTERROGATORY NO. 11:**

Please state the amount of all settlement offers made by you in an effort to resolve Plaintiff's claim prior to suit being filed and the method you used and how you calculated each amount and/or Plaintiff's damages. Additionally, please identify the persons involved in arriving at such figure.

ANSWER:

EXHIBIT 2

**INTERROGATORY NO. 12:**

If you contend that any conditions precedent to the filing of this suit or making any claims contained therein have not been met, please identify each such condition precedent and factual basis for your contention.

 **ANSWER:**

**INTERROGATORY NO. 13:**

Do you now contend or plan to contend in the future that Plaintiff's medical services and/or charges in this case were not reasonable and/or necessary? If so, please state the following:

a. The date and place of each and every alleged unnecessary service provided to Plaintiff;

b. The date and amount of each alleged unreasonable charge as well as an explanation of why the charges were unreasonable;

c. The names, addresses, and telephone numbers of all health care providers or other individuals who can attest to the alleged unnecessary treatment or unreasonable charges; and

e. The date you first determined that said services were unreasonable and/or unnecessary.

 **ANSWER:**

**INTERROGATORY NO. 14:**

Please state if you are denying coverage, asserting an exclusion or breach of the contract by Plaintiff, or defending this case conditionally or on reservation of rights. If you assert you are doing any of the foregoing, please explain in detail each and every assertion. Otherwise, please explain in detail the basis for denying Plaintiff's claim for benefits.

 **ANSWER:**

**INTERROGATORY NO. 15:**

Identify every person who participated to any degree in the investigation and adjusting of the claims, defenses, or issues involved in this case, describe the involvement of each person identified, list their qualifications, state the dates of each investigation, and whether it was reduced to writing and describe in detail the investigation and information gathering process that they utilized to assist you in your decision to deny or adjust payment of Plaintiff's claim.

 **ANSWER:**

EXHIBIT 2

**INTERROGATORY NO. 16:**

Identify each document or other source of information you used to form your decision regarding Plaintiff's claim.  State if you used "Colossus" or any similar computer-assisted system for assessing damages for personal injury claims.

**ANSWER:**

**INTERROGATORY NO. 17:**

Please list, describe and identify all documents that support any and all:

a. condition(s) precedent to bringing this lawsuit against you that Plaintiff has not met;

b. any terms and conditions of the insurance agreement that Plaintiff does not comply with; and

c. any exclusions you assert are applicable to the demand for Uninsured/Underinsured Motorist Benefits.

**ANSWER:**

**INTERROGATORY NO. 18:**

Please state whether you intend to impeach Plaintiff or any of Plaintiff's witnesses with evidence of a criminal conviction, pursuant to TEX. R. CIV. EVID. 609.  If so, please describe such evidence by giving the name of the accused, the nature of the crime, and the date of the conviction.

**ANSWER:**

**INTERROGATORY NO. 19:**

Please list the date you received each medical bill submitted by Plaintiff, the amount submitted, the name of the provider, the amount paid for each bill and the reason for denial or reduction for each bill.

**ANSWER:**

EXHIBIT 2

**EXHIBIT 4**

CAUSE NO. _____

| | | |
|---|---|---|
| REINA AMADA BARRERA | § | IN THE DISTRICT COURT OF |
|     **Plaintiff,** | § | |
| | § | |
| **VS.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |
| **AMICA MUTUAL** | § | |
| **INSURANCE COMPANY** | § | |
| | § | |
|     **Defendant.** | § | _____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

TO:    AMICA MUTUAL INSURANCE COMPANY, Defendant herein, by and through its registered agent, Robert R. Foss, Jr., 2150 Town Square Place, Suite 600, Sugar Land, Texas 77479 or wherever he may be found for service of process

COMES NOW, REINA AMADA BARRERA, Plaintiff, in the above styled cause, and, pursuant to Rule 196 of the Texas Rules of Civil Procedure, files the attached Requests.

The undersigned party propounds the attached Requests to you under the provisions of Rules 192, 193 and 196 of the Texas Rules of Civil Procedure.  You are notified that this party specifies that the responses shall be served on the first business day after the expiration of fifty (50) days from the date of service of these Requests and that the Requests and your responses may be offered in evidence at the trial of this lawsuit.

The Requests that follow are to be considered as continuing, and pursuant to TEX. R. CIV. P. Rule 193.5 you are requested to provide by way of supplemental answers hereto such additional information as you or any other person acting on your behalf may hereafter obtain which will augment, correct or otherwise modify your answers given to the Requests below. Such supplemental responses are to be filed and served upon this party immediately upon receipt of such information.

As used herein, the following terms shall have the meaning indicated below:

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT**
**Page 1 of 18**

EXHIBIT 2

1. "You" or "Your" refers to Defendant, AMICA MUTUAL INSURANCE COMPANY (hereinafter "AMICA"), and all persons acting on behalf of Defendant in this suit including, but not limited to, Defendant's attorneys, agents, officers, servants, employees, investigators, experts, consultants, informants, or other persons acting or purporting to act in its behalf.

2. "And/or" shall not be interpreted to limit or to create an election whereby the Defendant may choose one or more alternatives, but shall be interpreted to add to, continue or further the subjects expressed, and to encompass all matters therein.

3. "Defendant" refers to AMICA, its agents, servants, employees, members, subsidiaries, and/or divisions.

4. "Communication" means any contact or act by which information is transmitted or conveyed between two or more persons and includes, without limitation, written contact, whether by letter, memoranda, telegram, telex, facsimile or other document, electronic communication such as e-mail, text message, instant messenger or other type of website messaging and oral contacts, whether by face-to-face meetings, telephone conversations, or otherwise.

5. "Relating" or "relates" means, in addition to its customary and usual meaning, discussing, referring to, pertaining to, reflecting, evidencing, showing, or recording.

6. "Evidencing" or "evidences" means tending to show, in any probative manner, the existence or nonexistence of any matter.

7. "Person" means natural persons, corporations, partnerships, sole proprietorships, unions, associations, federations, or any other kind of entity.

8. "Document" means any printed, typewritten, handwritten, mechanically or otherwise recorded matter of whatever character, kind or description including but without limitation, letters, e-mails, purchase orders, records, complaints, manuals, instructions, rules, bulletins, memoranda, telegrams, notes, catalogs, brochures, diaries, reports, calendars, inter or intra office communications, statements, investigative reports, announcements, depositions, newspaper articles, photographs, tape recordings, motion pictures, and any carbon or photographic copies of any such material, if you do not have custody or control of the original.

9. "Petition" refers to the Plaintiff's Original Petition and any and all amended or supplemental petitions that Plaintiff files in this lawsuit.

11. "Plaintiff" refers to REINA AMADA BARRERA.

11. "Lawsuit" refers to all of the claims, whether now asserted or asserted hereafter by amendment, supplement or otherwise, of any party in the above-styled and numbered cause.

EXHIBIT 2

12. The "collision" refers to the collision made the basis of this lawsuit, which occurred on October 5, 2017, involving a vehicle operated by Plaintiff that was hit by an underinsured driver.

13. The "policy" refers to automobile insurance policy number 9804423847 with AMICA covering the 2011 Volkswagen Jetta involved in the collision.

14. The "Uninsured/Underinsured Motorists Coverage Claim" refers to the claim made by or on behalf of Plaintiff with AMICA, as a result of the collision made the basis of this lawsuit, which occurred on October 5, 2017, involving Plaintiff and an underinsured third party.

15. "Third Party" is defined as Troy Bridges, the underinsured driver of the vehicle involved in the collision with Plaintiff on October 5, 2017.

16. "Identify" has the following meanings:

    (a) When used in reference to a natural person, it means to state the person's full name, business affiliation, and title, and the person's current telephone number, residence address, and business address.

    (b) When used in reference to a person other than a natural person, it means to state its full name, form of organization, agent for service of process, address of its principal office, and each of its present business addresses and telephone numbers.

    (c) When used in reference to a document, it means to state: (i) the type of document (letter, memorandum, telegram, chart, etc.); (ii) the name, address, business affiliation, and title of the author or signer thereof; (iii) its date; (iv) the name, address, business affiliation, and title of all addresses and recipients; (v) its present location; and (vi) the name, present address, business affiliation, and title of the person having present custody thereof.

    (d) When used in reference to a communication, it means: (i) to state the manner in which the communication occurred (by document, by telephone conversation, by electronic means or by meeting, etc.); (ii) if the communication was by document, to identify each person who sent and received the document and state the date on which and place to which the document was sent and received; (iii) if the communication was by telephone, to state the date and place of the communication, to identify each natural person who was present during all or part of the communication, and to describe in detail the information communicated by each natural person; (iv) if the communication was by meeting, to state the date and place of the meeting, to identify each natural person who attended the meeting, and to describe in detail the information communicated by each natural person; and (v) if by means other than those described above, to identify each person who received the

information communicated, to identify each natural person who provided the information communicated, to state the date on which the communication was sent and received, and to describe in detail the information communicated.

If any document requested to be identified was but is no longer in your possession or control or is no longer in existence, state whether it is:

1.    Missing or lost,
2.    Destroyed,
3.    Transferred voluntarily or involuntarily to others, and if so, to whom, or
4.    Otherwise disposed of; and in each instance explain the circumstances surrounding an authorization of such disposition thereof, state the approximate date thereof, and describe its contents.

## REQUEST FOR PRIVILEGE LOG

In the event that any document requested herein is withheld from production on the basis of a claim of privilege, request is hereby made for such documents to be identified as follows: preparer, addressee, each recipient, each person to whom the document was distributed or shown, date prepared, date transmitted (if different), date received, description of contents and subject matter, number of pages, attachments and appendices and the basis for the privilege asserted.

Respectfully submitted,

**KWOK DANIEL LTD., L.L.P.**

 _/s/ Alex P. Boylhart_
**Robert S. Kwok**
SBN: 00789430
**Alex P. Boylhart**
SBN: 24087198
9805 Katy Freeway, Suite 850
Houston, Texas 77024
Telephone: (713) 773-3380
Facsimile: (713) 773-3960
Email: aboylhart@kwoklaw.com

**ATTORNEYS FOR PLAINTIFF**

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT**
Page 4 of 18

EXHIBIT 2

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document was served on AMICA MUTUAL INSURANCE COMPANY, Defendant herein, by and through its registered agent, Robert R. Foss, Jr., 2150 Town Square Place, Suite 600, Sugar Land, Texas 77479 or wherever he may be found for service of process.

Signed on June 7, 2019.


_/s/ Alex P. Boylhart_____
Alex P. Boylhart

EXHIBIT 2

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT

You are requested to produce the following documents and tangible things:

### REQUEST FOR PRODUCTION NO. 1:

All documents, tangible things, reports, models, data compilations, video recordings, and other material that have been provided to, reviewed by, or prepared by or for an expert in anticipation of a testifying expert's trial and deposition testimony.

RESPONSE:

### REQUEST FOR PRODUCTION NO. 2:

All documents, tangible things, reports, models, data compilations, video recordings, and other material that have been provided to, reviewed by, or prepared by or for an expert used for consultation whose mental impression or opinions have been reviewed by a testifying expert.

RESPONSE:

### REQUEST FOR PRODUCTION NO. 3:

All documents and tangible things that reflect the qualifications of any expert who you may possibly call as a live or deposition witness at trial to testify, by opinion or otherwise, as to scientific, technical, or other specialized knowledge that might assist the trier of fact to understand the evidence or to determine a fact in issue.  This includes copies of resumes or curriculum vitae; publications list, evidence of memberships in professional or technical societies; evidence of teaching or research positions; or any other documents and things that relate to such expert's qualifications.

RESPONSE:

### REQUEST FOR PRODUCTION NO. 4:

All documents and tangible things that reflect any of your correspondence or other communications related to Plaintiff's claims against you or your defenses in this lawsuit.

RESPONSE:

### REQUEST FOR PRODUCTION NO. 5:

Any contracts of insurance that could possibly cover the collision, including primary, excess, and umbrella policies, or current policies, which have prior acts clauses.

RESPONSE:

EXHIBIT 2

## REQUEST FOR PRODUCTION NO. 6:

Any letters written to or by Defendant which pertain to the insurance coverage for the collision made the basis of this suit (e.g. Reservations of Rights letters, or rejection letters, etc.).

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 7:

All newspaper articles or reports in other forms of media regarding the incident made the basis of this lawsuit.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 8:

Any learned treatises, textbooks, or other reference materials, which Defendant's attorney may use by way of direct examination or cross-examination of any expert witness in this cause.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 9:

All documents relating to any criminal convictions of Plaintiff or any agent or former agent of the Plaintiff, if you intend to use same for impeachment purposes at trial.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 10:

All documents relating to any criminal convictions of any witness involved in this case, if you intend to use same for impeachment purposes at trial.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 11:

Any documents criticizing or purporting to criticize Plaintiff, including but not limited to reports or documents generated by a private person or state, local, or federal agencies.

**RESPONSE:**

EXHIBIT 2

## REQUEST FOR PRODUCTION NO. 12:

Any surveillance reports, investigative notes, photographs or videotapes taken of Plaintiff at any time prior to trial.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 13:

All documents identified in Defendant's answers to Plaintiff's interrogatories.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 14:

All documents or tangible things relating to any issues which form the basis of the allegations in Plaintiff's Original Petition or any subsequent pleading, not produced in response to any other request.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 15:

All documents that reflect any investigations that you or any other party or potential party has made into the facts and circumstances surrounding the incident made the basis of this lawsuit.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 16:

All documents and tangible things: (i) that evidence, relate to, or form the basis of any of the factual or legal claims made by you or against you in this litigation, or (ii) that evidence, relate to, or form the basis of any of your defenses or positions you are taking that are contrary to those that Plaintiff has asserted in this lawsuit.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 17:

All documents and tangible things (including papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotaped recordings, data, and data compilations) that constitute or contain matters relevant to the subject matter of this action.

**RESPONSE:**

EXHIBIT 2

**REQUEST FOR PRODUCTION NO. 18:**

All documents, tape recordings, or other tangible things evidencing, comprising, or relating to any statements made by or on behalf of any of the parties or potential parties to this lawsuit or their agents and employees.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**

All statements of persons with knowledge of relevant facts, whether they are written, stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcriptions of such a recording.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**

All statements of Plaintiff, whether they are written, stenographic, mechanical, electrical, or other type of recording of Plaintiff's oral statement, or any substantially verbatim transcriptions of such a recording.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**

All statements of the third party, whether they are written, stenographic, mechanical, electrical, or other type of recording of the third party's oral statement, or any substantially verbatim transcriptions of such a recording.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**

All documents reflecting any oral or written contract or agreement between you and any other person concerning this lawsuit, including your attorneys, expert witnesses and medical examination/expert witness service entity.   This includes, without limitation, any partial settlements or releases of any of your claims; any "Mary Carter" agreements; any partial assignments of your claims to others; any subrogation agreements; any understandings regarding allocation of jury strikes; any understandings regarding positions various parties may assert during pretrial discovery or at trial; and any other sort of contract, agreement, or understanding that relates directly or indirectly to this lawsuit.

**RESPONSE:**

EXHIBIT 2

## REQUEST FOR PRODUCTION NO. 23:

All documents that reflect correspondence between you and Plaintiff, in your possession, custody or control.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 24:

All documents that reflect correspondence between you and the third party, in your possession, custody or control.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 25:

All photographs, pictures, videotapes, or other graphic images of Plaintiff, in your possession, custody or control.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 26:

All photographs, pictures, videotapes, or other graphic images of the scene of the collision, in your possession, custody or control.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 27:

All photographs, pictures, videotapes, or other graphic images of the vehicles involved in the collision, in your possession, custody or control.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 28:

All correspondence, documents, bills, medical records, or communication between any of your agents or employees including employees of your insurance company and companies or individuals purporting to have a subrogation interest in Plaintiff's recovery.

**RESPONSE:**

EXHIBIT 2

### REQUEST FOR PRODUCTION NO. 29:

Any accident or incident reports filled out pertaining to the collision made the basis of the lawsuit.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 30:

All documents you rely upon as proof or evidence that the collision made the basis of this lawsuit was caused either wholly or in part by the carelessness or negligence of Plaintiff.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 31:

All documents you rely upon as proof or evidence that the collision made the basis of this lawsuit was caused either wholly or in part by the carelessness or negligence of any third party.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 32:

All documents you rely upon as proof or evidence that the collision made the basis of this lawsuit was caused either wholly or in part by a sudden emergency.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 33:

All documents you rely upon as proof or evidence that the damages Plaintiff seeks to recover from Defendant did not result from the collision on which this suit is based.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 34:

All documents you rely upon as proof or evidence that Plaintiff did not incur any damages as a result of the collision on which this suit is based.

### RESPONSE:

EXHIBIT 2

**REQUEST FOR PRODUCTION NO. 35:**

All documents you rely upon as proof or evidence that the medical services Plaintiff received following the collision were not reasonable or necessary.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:**

All documents you rely upon as proof or evidence that Plaintiff did not incur any pain, suffering, or mental anguish as a result of the collision made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:**

All documents that reflect any repairs made to the vehicle Plaintiff was in during the collision following the collision made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38:**

All documents that reflect any repairs made to any property damaged in the collision following the collision made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39:**

Any and all exhibits you intend to offer at the trial of this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40:**

All medical records you have pertaining to Plaintiff, in your possession, custody or control.

**RESPONSE:**

EXHIBIT 2

## REQUEST FOR PRODUCTION NO. 41:

All employment records you have pertaining to Plaintiff, in your possession, custody or control.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 42:

All documents evidencing any prior claims by Plaintiff, in your possession, custody or control to this claim.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 43:

All documents evidencing subsequent claims by Plaintiff, in your possession, custody or control to this claim.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 44:

All documents you have received, including medical records and billing statements, pursuant to any authorization signed by Plaintiff.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 45:

All diaries, lists, logs, or notes kept by you or any of your agents, employees, or representatives regarding or related in any way to the collision made the basis of this suit.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 46:

All documents ever received by you from Plaintiff and/or her agents prior to commencement of the above-captioned cause, which refer, relate or pertain to the automobile collision in which Plaintiff was involved on October 5, 2017 and/or the injuries sustained therein by Plaintiff.

**RESPONSE:**

EXHIBIT 2

## REQUEST FOR PRODUCTION NO. 47:

All documents ever received by you from Plaintiff and/or her agents concerning the Uninsured/Underinsured Motorist Coverage Claim.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 48:

A complete copy of the Policy of Insurance Number 9804423847, together with the entire file thereon of the agent who sold the policy to Plaintiff.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 49:

All documents or tangible items, including computer images or programs, evidencing the date and amount of any reserves set with regard to any claim or potential claims of Plaintiff, including any adjustments thereto.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 50:

All documents relating to any decision by your claims review board or committee or signed by the members of the claims review board or committee reflecting the decision to set reserves, deny coverage or evaluate any claim relating to Plaintiff.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 51:

Copies of all medical reports used to evaluate Plaintiff's claims including interviews with any health care professionals concerning Plaintiff's claims.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 52:

Copies of all checks paid to or on behalf of Plaintiff related to the collision made the basis of this suit and the claims made by Plaintiff against you.

**RESPONSE:**

EXHIBIT 2

## REQUEST FOR PRODUCTION NO. 53:

All records of every telephone conversation regarding Plaintiff pertaining to the collision of October 5, 2017.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 54:

All documents showing premiums paid for auto policy number 9804423847.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 55:

Your entire claim file on Plaintiff's automobile policy including, but not limited to, all documents relating to Plaintiff's claims for benefits.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 56:

All reports, memoranda, or other documents related to your decision to deny or adjust Plaintiff's claims for benefits relating to the October 5, 2017 loss, and any other claims Plaintiff has made.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 57:

All correspondence between you and Plaintiff or Plaintiff's representatives concerning Plaintiff's claims for benefits.

**RESPONSE:**

## REQUEST FOR PRODUCTION NO. 58:

All liability work-ups or reports relating to Plaintiff's claims.

**RESPONSE:**

EXHIBIT 2

**REQUEST FOR PRODUCTION NO. 59:**

All documents relating to any initial determination, temporary determination, tentative determination, or final determination, as to whether or not any claims made by Plaintiff was payable or not payable.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 60:**

All documents showing premiums paid by Plaintiff for her automobile insurance policy and/or policies with you.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 61:**

All documents relating to company guidelines or policies that serve as criteria for evaluating whether claims are covered or excluded by any policy provisions that you contend apply to Plaintiff's claims relating to this collision.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 62:**

All manuals, training materials, and similar documents, and all audio and videotapes, used in training, overseeing, or supervising your claims handling personnel and your agents employed in selling automobile policies.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 63:**

Copies of all advertisements used or approved for use in Texas in the past five (5) years relating to automobile insurance.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 64:**

Any settlement agreement or similar document reflecting any agreement, deal, or understanding between you and any other person or entity with respect to this case.

**RESPONSE:**

EXHIBIT 2

**REQUEST FOR PRODUCTION NO. 65:**

All documents, including correspondence, memorandums, telephone messages, or file entries, which evidence any communications between SHERON CHAPA or any of your agents and/or employees and the adjuster or insurance company for the driver that collided with the Plaintiff's vehicle.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 66:**

All documents, including correspondence, memorandums, telephone messages, or file entries, ever exchanged between SHERON CHAPA or any of your agents and/or employees and the adjuster or insurance company for the driver that collided with the Plaintiff's vehicle.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 67:**

All documents, including correspondence, memorandums, telephone messages, or file entries, ever exchanged between SHERON CHAPA or any of your agents and/or employees and the driver that collided with the Plaintiff's vehicle.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 68:**

All documents evidencing any claim or suit in which any retained testifying expert in this cause has previously been hired, retained or otherwise compensated by you.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 69:**

A copy of each deposition in which a testifying expert, retained by you in this cause, has previously testified on behalf of you.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 70:**

All documents reflecting any investigation, review, remedial or disciplinary action occurring or involving any AMICA's claims staff, pertaining to the handling of Plaintiff's claims.

**RESPONSE:**

EXHIBIT 2

<u>**REQUEST FOR PRODUCTION NO. 71:**</u>

All documents reflecting any internal or external audit or investigation regarding the handling, evaluation, review or reserving of Plaintiff's claims or claim file made the basis of this suit.

**RESPONSE:**

EXHIBIT 2